IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:16cr33 |
| | ) | |
| TROY ANTHONY WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and John F. Butler, Special Assistant United States Attorney, hereby submits its position with respect to the Defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable advisory guidelines range to be a term of 37 to 46 months' imprisonment. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and has conferred with the United States Probation Officer assigned to this matter and with defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation, and has no outstanding objections to the PSR. For the reasons outlined below, the United States respectfully submits that a sentence at the low end of the calculated guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**I.  Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant an additional one-level reduction in the

Defendant's offense level for acceptance of responsibility. The Defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

## II. Background

The Defendant was named in a one-count Indictment on March 9, 2016, charging him with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Docket No. 1. The Defendant pleaded guilty to that charge on April 5, 2016. Docket Nos. 10-13. The sentencing hearing is set for October 19, 2016, before this Court.

## III. Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'" *Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

A.  Nature and Circumstances of the Offense

Trafficking nearly 100 grams of heroin while in possession of a loaded firearm is a serious offense. What makes this offense even more aggravating is that this Defendant has a previous conviction involving heroin and is 39 years old—much older than the typical street-level dealer. This is an individual who should have known better, yet continued to deal a dangerous drug that is poisoning the community at an alarmingly high and increasing rate.

On October 25, 2015, the Defendant was pulled over by a Virginia Beach Police Officer for having illegal window tint and a cracked windshield. A search was conducted after the officer smelled marijuana emanating from the vehicle. That search resulted in the recovery of 2 grams of marijuana, a loaded Glock 9mm handgun, over $1,200 in cash, and nearly 99.97 grams of heroin.

B.  History and Characteristics of the Defendant

The Defendant is 39 years old. He indicated that "both of his parents provided for his needs, showed their affection, guided him, and attended school activities." PSR ¶ 34. His parents held important jobs, he had a supportive upbringing, and he had no issues with drugs or alcohol. *Id.* His brother is employed as a correctional officer. PSR ¶ 33.

Not only did the Defendant graduate from high school, he maintained a respectable grade point average while in college and appears to be just a few credits shy of a bachelor's degree. PSR ¶ 43. Perhaps his use of marijuana has left him misguided or unmotivated. PSR ¶ 42. Given the Defendant's work history and education, he is a very capable individual who could and should have been making his money by lawful employment, all of which makes his current offense that much more aggravating. PSR ¶¶ 45-51.

The Defendant has no criminal history points; however, he has one misdemeanor conviction from 2004 for Possession of Heroin, for which he served 30 days of work release. PSR ¶ 26.

    C.    <u>Other Factors to be Considered Under Section 3553(a)</u>

Among the other factors a sentencing court is to consider under Section 3553(a), the United States highlights the need for the sentence imposed in this case to reflect the seriousness of the defendant's offense, to afford adequate specific deterrence to future criminal conduct, and to promote respect for the law.

Finally, to the Defendant's credit, he took responsibility very quickly in this case. Within just two weeks of his initial appearance, the Defendant made it known that he was willing to plead guilty.

**IV.**     <u>**Conclusion**</u>

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence at the low end of the guidelines range is appropriate and not greater than necessary.

Respectfully submitted,

Dana Boente
United States Attorney

By:     /s/
John F. Butler
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
john.f.butler@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Amanda Conner, Esq.
>Richard Colgan, Esq.
>Attorneys for Defendant Troy Wright
>150 Boush Street, Suite 403
>Norfolk, Virginia 23510
>Phone: (757) 457-0800

I HEREBY CERTIFY that on this 12th day of October, 2016, I sent my electronic mail a true and correct copy of the foregoing to the following:

>Susan A. Hushour
>Senior U.S. Probation Officer
>701 East Broad Street, Suite 1150
>Richmond Virginia
>Phone: (804) 916-2536

>　　　/s/
>John F. Butler
>Special Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Phone: (757) 441-6331
>Facsimile: (757) 441-6689
>john.f.butler@usdoj.gov